No. 559

FAIRBANKS et v. ARMENTROUT

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2481. Decided March 5, 1925

147. BILLS AND NOTES—Parol evidence of an independent and collateral agreement among indorsers of note, fixing or limiting extent of their liability, is admissible.

·CUSHING, J.

L. M. Fairbanks and Edward Peters were two of the directors in the Can-Bit Coal Co. The officers and directors of the company executed three demand promissory notes for the purpose of raising money with which to defray operating expenses of the company. They were made payable to Luther Armentrout, who was a director and president of the company, and were indorsed before delivery, by four or more of the directors. Armentrout retained the notes and advanced the money out of his own funds, which were used in the operation of the company's business. The corporation, in Sept. 1921, was found to be without funds. Armentrout brought an action in the Hamilton Common Pleas against the indorsing directors, where judgment in his favor was rendered.

Error was prosecuted and Fairbanks claimed that the notes were not presented to the makers for payment within a reasonable time, they that were not notified of dishonor and nonpayment, and that they did not waive such notice. It was also claimed that there was an agreement among the directors limiting the liability of each, either in the proportion of each bore to the number of directors, or in proportion that their holdings of stock was to the outstanding stock of the company.

The questions raised are whether or not the indorsing directors were entitled to notice, or was it waived? Whether the indorsing directors can show by parol that a separate or independent agreement was entered into whereby liability of each indorser was fixed or limited? Court of Appeals held:

1. The situation as it presents itself is, that Armentrout is demanding the rights that a stranger to the corporation would be entitled to under strict rules of law. The indorsers are demanding strict compliance with rules requiring presentation, notice, demand, and dishonor.

2. All were equally responsible for management of company. Neither demand, presentation, dishonor, or notice were, as among themselves required or necessary.

3. Armentrout cannot hold the ohtre directors of the obligation to the company, and escape liability himself. Most he can demand, to which he would be entitled, would be contribution from those jointly liable with him.

4. Parol evidence of a collateral or independent agreement is admissible to prove that

## STATE COURT OF APPEALS—Continued

directors agreed on the proportion that each should pay in case corporation failed to pay, Same rule should apply here as would if one of the directors had paid the notes in the hands of a third person, and was suing the other directors for contribution. Judgment reversed and a new trial ordered.

Attorneys—Dinsmore, Shohl & Sawyer, W. B. Mente, Burch & Peters, for Fairbanks et; Hunt, Bennett and Utter, for Armentrout; all of Cincinnati.